UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN CARLOS GARCIA, <br><br> Defendant. | Case No. 4:12-cr-00278-BLW-2 <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Juan Carlos Garcia's Motion to Modify Fine (Dkt. 333). For the reasons discussed below, the Court denies the motion.

Mr. Garcia was sentenced to a total term of 292 months of imprisonment and was ordered to pay a special assessment of $100 and a fine of $3,000. (Dkts. 221, 275.) While in custody, Mr. Garcia is to submit payments pursuant to the Bureau of Prison's Inmate Financial Responsibility Program. (*See* Dkt. 221.)

According to the information Mr. Garcia submitted in support of his motion, as of September 23, 2022, he has paid the $100 special assessment in full, and has paid almost $1,218 toward his $3,000 fine, leaving a balance due of about $1,782,

or more than half of the original fine. Mr. Garcia states in his motion that he has three children that currently live with his "mother-in-law,"[1] and that he wishes to send money to help out with the children as much as he can. He further states that he has started working for the UNICOR prison industries program and that, pursuant its policies, UNICOR began taking 50% of his earned wages in November of 2021 to be credited towards paying off his fine. He seeks, in the pending motion, to have the Court reduce the fine imposed, or eliminate the remaining balance of the fine. (*See* Dkt. 333.)

However, "[a] district court does not have inherent power to resentence defendants at any time." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997), *as amended on reh'g* (Aug. 4, 1997) (citation omitted). Instead, its authority to resentence must generally flow from either a court of appeals mandate under 18 U.S.C. § 3742 or Federal Rule of Civil Procedure 35. *Id.* Here, there is no mandate from the Ninth Circuit Court of Appeals. Further, Rule 35 is inapplicable because

---

[1] According to the Presentence Report, Mr. Garcia has two biological children but considers the son of a woman he was/is in a relationship with, Angelica Campos, to be his son as well. All three children, at the time of sentencing, lived with Ms. Campos's mother. There is no indication in the Presentence Report that he is married to Ms. Campos, or that Ms. Campos's mother is otherwise his "mother-in-law."

**MEMORANDUM DECISION AND ORDER - 2**

it requires a motion from the government, *see* Fed. R. Civ. P. 35(b), and no government motion has been filed.

There is also authority, under 18 U.S.C. § 3573, to modify a sentence upon motion from the government based on a defendant's substantial assistance. *See* 18 U.S.C. § 3573. However, again, no government motion has been filed, making § 3573 also inapplicable.

Finally, 18 U.S.C. § 3572(d)(3) authorizes the Court to "adjust the payment schedule, or require immediate payment in full," of a fine when a defendant's economic circumstances have materially changed. It does not, however, authorize the Court to reduce or commute a fine.[2] *See* 18 U.S.C. § 3572.

In sum, the Court lacks authority to reduce or commute Mr. Garcia's fine. *See United States v. Duck*, 774 F. App'x 1039, 1040 (9th Cir. 2019) ("The district court properly held that it lacked jurisdiction over his motion to reduce, modify, or abate his fine.") (citing *Handa*, 122 F.3d at 691). Accordingly,

---

[2] Mr. Garcia has not requested an adjustment to the payment schedule under § 3572(d)(3). However, even if he had, he has failed to show that his financial circumstances have worsened, or that the interests of justice otherwise require modification of the payment schedule. *See* 18 U.S.C. § 3572(d)(3). Although he refers to his need to send money to help support his children, he has failed to provide any evidence that he has done so in the past, that his family is financially dependent on him, and that his or his family's financial situation has recently worsened. He has also not demonstrated that the remaining 50% of his income from his UNICOR job is inadequate to meet all of his needs including, if applicable, sending money to his family.

**IT IS ORDERED that** Defendant's Motion to Modify Fine (Dkt. 333) is **DENIED**

DATED: May 4, 2022

_____
B. Lynn Winmill
U.S. District Court Judge